IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TIMOTHY BROOKS,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF EDUCATION,<br><br>    Defendant. | Case No. 3:18-cv-01450-D (BT) |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Before the Court is Defendant the United States Department of Education's Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) (the "Motion"). Mot. (ECF No. 16). For the following reasons, the District Court should GRANT the Motion under Rule 12(b)(1) and DISMISS *pro se* Plaintiff Timothy Brooks's Complaint without prejudice.

## Background

Plaintiff Timothy Brooks, proceeding *pro se*, brings this lawsuit against Defendant the United States Department of Education (the "DOE") to enjoin the DOE from engaging in collection efforts related to decades-old student loan debt and to recover compensatory and punitive damages from the DOE. According to his complaint, the DOE issued a notice of wage garnishment on January 30, 2018,

1

stating Brooks owed $8,796.08 on his Student Loans.[1] Compl. at 2 (ECF No. 3). Brooks contends, however, that his Student Loans were either paid in full in 1998 or discharged in bankruptcy in 2005, and he has tried for years to stop the DOE from dogging him to repay a debt he does not owe. *Id.* at 3. By his Complaint, Brooks asserts claims against the DOE for: (1) "intentional misrepresentation/fraud"; (2) "misappropriation of funds"; (3) "declaratory relief"; (4) temporary and permanent injunction; and (5) "intentional infliction of severe emotional distress." *Id.* at 6-8.

In response to Brooks's complaint, the DOE filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Specifically, the DOE argues: (1) Brooks failed to exhaust administrative remedies; (2) Brooks cannot bring claims for misrepresentation and fraud in the inducement under the Federal Tort Claims Act (FTCA); (3) the Declaratory Judgment Act provides no basis for Brooks's claims; and (4) Brooks is not entitled to injunctive relief. Def.'s Mot. at 2. The DOE also asserts that a jury trial is not permitted under the FTCA. *Id.* Brooks filed a Response (ECF No. 19), and the DOE filed a Reply (ECF No. 20). The Motion is fully briefed and ripe for adjudication.

## Legal Standard

A motion to dismiss under Rule 12(b)(1) challenges a federal court's subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "If the court determines at any time

---

[1] The DOE contends that as of August 30, 2018, it discharged Brooks's indebtedness, and Brooks does not owe the DOE any money. Def.'s Mot. at 7, 9.

that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). "'A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case.'" *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996)). The Court "must presume that a suit lies outside [its] limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) (citations omitted). The party asserting jurisdiction must allege the jurisdictional basis "affirmatively and distinctly"; it cannot be "established argumentatively or by mere inference." *Ill. Cent. Gulf R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 & n.2 (5th Cir. 1983) (citations omitted); *accord Getty Oil Corp. v. Ins. Co. of N.A.*, 841 F.2d 1254, 1259 (5th Cir. 1988).

The Fifth Circuit recognizes two types of challenges to a federal court's subject-matter jurisdiction—"facial" attacks, which are based solely on the pleadings, and "factual" attacks, which are based on affidavits, testimony, and other evidentiary material. *See Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981); *see also Ramming v. United States,* 281 F.3d 158, 161 (5th Cir. 2001) (per curiam) ("Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.") (citation omitted)). Whether

3

the attack is facial or factual, however, the plaintiff seeking a federal forum "constantly bears the burden of proof that jurisdiction does in fact exist." *Ramming*, 281 F.3d at 161 (citation omitted).

When a defendant files a Rule 12(b)(1) motion to dismiss without evidentiary materials supporting it, the attack is facial, and the Court need only consider the sufficiency of the allegations in the plaintiff's complaint. *Paterson*, 644 F.2d at 523. If the defendant makes a factual challenge, to defeat it, "a plaintiff 'must prove the existence of subject-matter jurisdiction by a preponderance of the evidence' and is 'obliged to submit facts through some evidentiary method to sustain his burden of proof.'" *Superior MRI Servs., Inc. v. All. Healthcare Servs., Inc.*, 778 F.3d 502, 504 (5th Cir. 2015) (quoting *Irwin v. Veterans Admin.,* 874 F.2d 1092, 1096 (5th Cir. 1989), *aff'd sub nom., Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89 (1990)). Here, the DOE submitted two declarations and other evidentiary material in support of its motion, thus making a "factual" attack on the Court's subject-matter jurisdiction.

**Analysis**

The FTCA "waives sovereign immunity and permits suits against the United States sounding in state tort for money damages." *Freeman v. United States*, 556 F.3d 326, 334-35 (5th Cir. 2009). The FTCA subjects the United States to liability for personal injuries "caused by the negligent or wrongful act or omission of any employee of the Government." *Metro. Life Ins. Co. v. Atkins*, 225 F.3d 510, 512 (5th Cir. 2000). The FTCA does not, however, authorize suits against United States

4

agencies. 28 U.S.C. § 2679(a); *Galvin v. OSHA*, 860 F.2d 181, 183 (5th Cir. 1988) ("It is beyond dispute that the United States, and not the responsible agency or employee, is the proper party defendant in a Federal Tort Claims Act suit."); *Walters v. Smith*, 409 F. App'x 782, 783-84 (5th Cir. 2011) (per curiam) (holding that because FTCA claims may be brought only against the United States, and not agencies of the United States, the FTCA provides no jurisdictional basis for FTCA claims against agency employees). When a federal agency is named as a party in a claim arising out of tortious conduct, the court should dismiss the claims against the agency for lack of subject matter jurisdiction. *Esquivel-Solis v. United States*, 472 F. App'x 338, 339 (5th Cir. 2012) (per curiam).

     Brooks's claims against the DOE sound in tort and, therefore, his Complaint should be dismissed for lack of subject matter jurisdiction. Brooks pleads claims for "intentional misrepresentation/fraud," misappropriation of funds, and intentional infliction of emotional distress. Compl. at 6-8, ¶¶ 13-28. With respect to all of these causes of action, Brooks requests money damages. *See id.* at 9-11. Although Brooks does not identify the FTCA by name in his Complaint, the FTCA is the exclusive remedy for suits against the government arising out of alleged torts. 28 U.S.C. § 2679(a). The Court concludes that Brooks's claims for "intentional misrepresentation/fraud," misappropriation of funds, and intentional infliction of emotional distress sound in tort and construes those claims as FTCA claims against the DOE. The FTCA and case law are clear that the United States is the sole proper defendant for a claim arising under the FTCA. But Brooks did not sue the United

5

States. Brooks's FTCA claims against the DOE must therefore be dismissed for lack of subject matter jurisdiction. *Galvin*, 860 F.2d at 183 (citations omitted) ("[A]n FTCA claim against a federal agency . . . as opposed to the United States itself must be dismissed for want of jurisdiction."); *see also Mokwue v. United States*, 884 F. Supp. 228, 231 (N.D. Tex. 1995) (Fitzwater, J.) (citing *Galvin*, 860 F.2d at 183) (dismissing without prejudice plaintiff's lawsuit against the Customs Service and Treasury Department because the "only proper defendant in a tort action is the United States").

Brooks's requests for declaratory and injunctive relief are not tort claims under the FTCA, but, nevertheless, the Court should dismiss them pursuant to Rule 12(b)(1). Assuming Brooks is bringing his claim for declaratory relief under the Declaratory Judgment Act, 28 U.S.C. § 2201, § 2201 does not operate to waive sovereign immunity or to confer jurisdiction on the federal courts. *Austral Oil Co., Inc. v. Nat'l Park Serv.*, 982 F. Supp. 1238, 1242 (N.D. Tex. 1997). Brooks's claim under the Declaratory Judgment Act should be dismissed pursuant to Rule 12(b)(1) because § 2201 neither waives sovereign immunity nor provides an independent basis for jurisdiction, and as discussed above, Brooks cannot bring a tort claim against the DOE. Additionally, Brooks's request for an injunction fails because under the partial waiver of sovereign immunity codified in 20 U.S.C. § 1082, injunctive relief is not available against the DOE. The Court is without jurisdiction to grant Brooks injunctive relief. In conclusion, Brooks's requests for declaratory

and injunctive relief should be dismissed along with his tort claims under the FTCA.

## Recommendation

For the stated reasons, Defendant United States Department of Education's Motion to Dismiss (ECF No. 16) should be **GRANTED** under Federal Rule of Civil Procedure 12(b)(1). Plaintiff Timothy Brooks's Complaint and causes of action should be **DISMISSED** without prejudice.

Signed August 16, 2019.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service of the findings, conclusions, and recommendation. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).